# EXHIBIT 1

Notification of Default Letter Mailed March 8, 2005

MARK D. LUTHER
ATTORNEY AT LAW, P.A.
BREMER BANK BUILDING, SUITE 408
8800 HIGHWAY 7
ST. LOUIS PARK, MINNESOTA 55426

(952) 931-9398
Fax: (952) 931-9347
mlutherlaw@aol.com

March 8, 2005

Mr. H. Allen Blair III.

Mr. Lawrence M. Shapiro

Greene Espel P.L.L.P.

200 South 6th Street; Suite 1200

Minneapolis, Minnesota 55402


NetWise Companies

13789 Rider Trail North

Earth City, MO 63045

*Via Fax and Mail*

## NOTICE OF DEFAULT

### Re: Condre vs NetWise/SSI

Dear Mr. Blair and Mr. Shapiro and Net Wise Companies, Inc:

Please be advised that NetWise Companies d/b/a SSI is in default of the Confession of Judgment and the Settlement Agreement and Mutual Release of Claims signed February 4, 2005 by SSI. SSI has failed to deliver the equipment listed in the attached Confesssion of Judgment.

Judgment will be entered against SSI for the amount of $103,793.40 ($115,793.41 less $12,000.00 previously paid) unless the equipment is received within ten (10) days of this letter.

Thank you for your attention to this matter. Please call me if you have any questions.

Mr. H. Allen Blair III
Mr. Lawrence Shapiro
NetWise Companies, Inc
March 8, 2005
Page 2

Very truly yours,

Mark D. Luther

MDL: ml
Encls:
cc: Dennis Maetzold

# EXHIBIT 2
Confession of Judgment

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Condre, Inc., | Case No. 04-971 (ADM/AJB) |
| Plaintiff, | |
| | **CONFESSION OF JUDGMENT** |
| v. | |
| NetWise Companies, Inc. d/b/a SSI, | |
| Defendant. | |

NetWise Companies, Inc. ("NetWise") executes this Confession of Judgment and Verification as follows:

1.    On January __, 2005, NetWise and Condre, Inc. ("Condre") entered into a Settlement Agreement and Mutual Release of Claims ("the Agreement") whereby the parties agreed, among other things, as follows:

    a.    Within thirty (30) days of the Effective Date of the Agreement, NetWise will return the following equipment that it purchased from Condre:

        (i)    Quantity 1, Overland Storage Tape Library, Model #SDLT320-LXML215RB

        (ii)    Quantity 2, QLogic SANBox Switch, Model #30858-08A

        (iii)    Quantity 1, Crossroads FC/SCSI Router, Model #6000-SF

        (iv)    Quantity 2, Chaparral Networks Controller, Model #RIO-244

        (v)    Quantity 4, Seagate Cheetah 146GB Drive, Part #9V2004-002

        (vi)    Quantity 4, QLogic HBA, Model #QLA2340-CK

("the Returned Equipment"). NetWise shall not be responsible for the condition of the Returned Equipment except that NetWise will ensure that the Returned Equipment is complete and shipped with its original packaging. The Returned Equipment will be shipped to Condre, Inc., 15151 Technology Drive, Eden Prairie, Minnesota 55344. NetWise will pay all freight charges for the Returned Equipment and will insure the Returned Equipment for its full value;

    b. Contemporaneously with the execution of the Agreement, NetWise shall pay to Condre Twelve Thousand Dollars ($12,000.00); and

    c. NetWise shall also pay to Condre Twenty Nine Thousand Dollars and four cents ($29,000.04) in twelve (12) equal monthly installments of $2,416.67 (the "Monthly Payments"). The first Monthly Payment will commence thirty (30) days after the Effective Date of the Agreement. Subsequent Monthly Payments will be due on the fifth day of each month. No interest on this amount shall be charged by Condre to NetWise. Payments shall be sent by NetWise to Condre at Condre, Inc., care of Dennis Maetzold, 15151 Technology Drive, Eden Prairie, Minnesota 55344.

2. The parties further agreed that, in the event that NetWise returns the Returned Equipment but fails to make the Monthly Payments contemplated in the Agreement, Condre shall provide written notice of default to NetWise. In the event the default is not cured within ten (10) days after such notice, Condre may file this Confession of Judgment with the Federal District Court for the District of Minnesota (or any other court of competent jurisdiction) and apply for and receive a judgment in favor of Condre and against NetWise in the amount of $47,793.41 less all amounts that have been paid under the terms of the Agreement.

3. The parties also agreed that, in the event that NetWise fails to return the Returned Equipment and fails to make the Monthly Payments, Condre shall provide written notice of default to NetWise. In the event the default is not cured within ten (10) days after such notice, Condre may file this Confession of Judgment with the Federal District Court for the District of Minnesota (or any other court of competent jurisdiction) and apply for and receive a judgment in favor of Condre and against NetWise in the amount of $115,793.41 less all amounts that have been paid under the terms of the Agreement.

Dated: ~~January~~ February 4, 2005

NetWise Companies, Inc.

By _____

Its _____CEO_____

## VERIFICATION

_____ declares:

1. I am ____CEO____ of Defendant NetWise Companies, Inc., and I am authorized to make this Verification on Defendant's behalf in connection with this Confession of Judgment.

2. I have read the Confession of Judgment and believe the contents are true and correct.

_____

Subscribed and sworn to before me this 4th day of ~~May, 2004.~~ February 2005.

_____
Notary Public

SHANNON R. POLLARD
Notary Public · Notary Seal
STATE OF MISSOURI
Jefferson County
My Commission Expires: Jul. 28, 2008

3

146504.1

# EXHIBIT 3

Settlement Agreement and Mutual Release of Claims

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS

Condre, Inc. ("Condre") and NetWise Companies, Inc. ("Netwise") (collectively, the "Releasing Parties") enter into this Settlement Agreement and Mutual Release of Claims ("Agreement"). This Agreement shall be effective when it has been signed by each of the Releasing Parties (that date shall be the "Effective Date" of this Agreement).

### Recitals

A. An action was brought in Hennepin County District Court by Condre against NetWise for payment of $115,793.41 that Condre claims it is owed by NetWise for certain computer equipment ("the Equipment"). NetWise removed the matter to the United States District Court for the District of Minnesota and asserted a Counterclaim against Condre for indemnification for liability to a non-party that NetWise asserts that it incurred as a result of defects in the Equipment. The Releasing Parties' claims are collectively referred to as the "Action."

B. The Releasing Parties have agreed to settle any and all current or possible claims among each other in the Action in order to avoid further litigation and expenses, without admission of liability by any Releasing Party.

THEREFORE, in consideration of the foregoing, and the mutual covenants and conditions contained in this Agreement, the receipt and sufficiency of which is hereby expressly acknowledged, the Releasing Parties agree as follows:

1. Within thirty (30) days of the Effective Date of this Agreement, NetWise will return the following equipment that it purchased from Condre:

    a. Quantity 1, Overland Storage Tape Library, Model #SDLT320-LXML215RB

    b. Quantity 2, QLogic SANBox Switch, Model #30858-08A

    c. Quantity 1, Crossroads FC/SCSI Router, Model #6000-SF

    d. Quantity 2, Chaparral Networks Controller, Model #RIO-244

    e. Quantity 4, Seagate Cheetah 146GB Drive, Part #9V2004-002

    f. Quantity 4, QLogic HBA, Model #QLA2340-CK

("the Returned Equipment"). NetWise shall not be responsible for the condition of the Returned Equipment except that NetWise will ensure that the Returned Equipment is complete and shipped with its original packaging. The Returned Equipment will be shipped to Condre, Inc., 15151 Technology Drive, Eden Prairie, Minnesota 55344. NetWise will pay all freight charges for the Returned Equipment and will insure the Returned Equipment for its full value.

2. Contemporaneously with the execution of this Agreement, NetWise shall pay to Condre Twelve Thousand Dollars ($12,000.00).

3. NetWise shall also pay to Condre Twenty Nine Thousand Dollars and four cents ($29,000.04) in twelve (12) equal monthly installments of $2,416.67 (the "Monthly Payments"). The first Monthly Payment will commence thirty (30) days after the Effective Date of this Agreement. Subsequent Monthly Payments will be due on the fifth day of each month. No interest on this amount shall be charged by Condre to NetWise. Payments shall be sent by NetWise to Condre at Condre, Inc., care of Dennis Maetzold, 15151 Technology Drive, Eden Prairie, Minnesota 55344.

4. Contemporaneously with the execution of this Agreement, NetWise shall sign and deliver to Condre the Confession of Judgment that is attached to this Agreement as Exhibit A ("the Confession of Judgment").

5. Contemporaneously with the execution of this Agreement, Condre and NetWise will take any and all action necessary to accomplish the prompt dismissal with prejudice of the Action. The parties presently contemplate that dismissal of the Action with prejudice will be accomplished by filing with the Court a Stipulation of Dismissal with prejudice in a form identical to that which is attached to this Agreement as Exhibit B ("the Dismissal Stipulation"). The parties agree that they will execute, and hereby authorize their respective legal counsel to execute, the Dismissal Stipulation, as well as any additional documents that may be necessary to accomplish the prompt dismissal with prejudice that are contemplated by this Paragraph.

6. In the event that NetWise returns the Returned Equipment but fails to make the Monthly Payments, Condre shall provide written notice of default to NetWise. In the event the default is not cured within ten (10) days after such notice, Condre may file the Confession of Judgment with the Federal District Court for the District of Minnesota (or any other court of competent jurisdiction) and apply for and receive a judgment in favor of Condre and against NetWise in the amount of $47,793.41 less all amounts that have been paid under the terms of this settlement.

7. In the event that NetWise fails to return the Returned Equipment and fails to make the Monthly Payments, Condre shall provide written notice of default to NetWise. In the event the default is not cured within ten (10) days after such notice, Condre may file the Confession of Judgment with the Federal District Court for the District of Minnesota (or any other court of competent jurisdiction) and apply for and receive a judgment in favor of Condre and against NetWise in the amount of $115,793.41 less all amounts that have been paid under the terms of this settlement.

8. By executing this Agreement, Condre does, for itself and any of its parent, subsidiary, and affiliated corporations, as well as their respective present and former officers, directors, employees, agents, representatives, attorneys, insurers, indemnitors, successors and assigns, hereby absolutely and unconditionally release, acquit and forever discharge NetWise, and any of its parent, subsidiary and affiliated corporations, as well as its respective and present and former officers, directors, employees, agents, representatives, attorneys, insurers,

indemnitors, successors and assigns, of and from any and all claims for relief, actions, suits, damages, debts, liabilities, judgments, executions and other claims of every kind and nature whatsoever, whether in law or equity, contract or tort, liquidated or unliquidated, absolute or contingent, suspected or unsuspected, and whether asserted or unasserted in the Action, including without limitation any and all claims of every kind and nature whatsoever that were asserted, or could have been asserted, in the Action.

9. By executing this Agreement, NetWise does, for itself and any of its parent, subsidiary, and affiliated corporations, as well as their respective present and former officers, directors, employees, agents, representatives, attorneys, insurers, indemnitors, successors and assigns, hereby absolutely and unconditionally release, acquit and forever discharge Condre, and any of its parent, subsidiary and affiliated corporations, as well as its respective and present and former officers, directors, employees, agents, representatives, attorneys, insurers, indemnitors, successors and assigns, of and from any and all claims for relief, actions, suits, damages, debts, liabilities, judgments, executions and other claims of every kind and nature whatsoever, whether in law or equity, contract or tort, liquidated or unliquidated, absolute or contingent, suspected or unsuspected, and whether asserted or unasserted in the Action, including without limitation any and all claims of every kind and nature whatsoever that were asserted, or could have been asserted, in the Action.

10. This Agreement shall be binding upon the successors and assigns of the parties, whether by way of merger, consolidation, operation of law, assignment, purchase or other acquisition.

11. All questions with respect to the construction of this Agreement and the rights and liabilities of the parties to this Agreement shall be governed by the laws of the State of Minnesota.

12. This Agreement represents the entire agreement between the parties with respect to the subject matter of the Action and supersedes all prior and contemporaneous oral and written agreements and discussions. This Agreement settles only the dispute between Condre and NetWise. The Releasing Parties covenant that they have not entered into this Agreement as a result of any representation, agreement, inducement or coercion, except to the extent specifically provided in this Agreement. The Releasing Parties further covenant that the consideration recited in this Agreement is the only consideration for entering into this Agreement, and that no promises or representations of other or further consideration have been made by any person. This Agreement may be amended only by a written agreement executed by the Releasing Parties.

13. This Agreement is the result of arms-length negotiations among the Releasing Parties. The Releasing Parties have participated in the negotiations, have had an equal opportunity to participate in the drafting and revision of this Agreement and have had the opportunity to review this Agreement with their counsel. No ambiguity shall be construed against any party based upon a claim that the party in question drafted the ambiguous language.

14.   The Releasing Parties hereby represent, promise and covenant that they will not take any action whatsoever that is designed to challenge the validity or effect of the releases set forth in Paragraphs 8 and 9 of this Agreement, or any other provision of this Agreement.

15.   The Releasing Parties agree that this Agreement was entered into in order to compromise, settle and resolve disputed claims. Nothing in the Agreement shall be construed as an admission of liability, fault, or obligation by either Releasing Party and each Releasing Party expressly denies any liability, fault, or obligation to the other Releasing Party.

16.   All notices or other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be considered to be received when mailed, when hand delivered, or, if sent by facsimile transmission, when actually received. Notice shall be addressed as follows, or to such other address designated by either party in writing to the other:

Condre, Inc., 15151 Technology Drive, Eden Prairie, Minnesota 55344 and its attorney, Mark Luther 8800 Highway 7, Bremer Bank Building, Suite 408, St. Louis Park, MN 55426.

NetWise Companies, Inc., 13789 Rider Trail North, Earth City, MO 63045 and its attorneys, Lawrence M. Shapiro and H. Allen Blair, Greene Espel, P.L.L.P., 200 South Sixth Street, Minneapolis, MN 55402.

15.   This Settlement Agreement may be executed by the parties in identical facsimile counterparts, each of which shall constitute an original for all purposes.

THE UNDERSIGNED ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ AND FULLY UNDERSTAND ALL TERMS, CONDITIONS AND EXHIBITS OF THIS AGREEMENT; THAT THEY HAVE BEEN REPRESENTED BY THEIR OWN LEGAL COUNSEL IN CONNECTION WITH THIS MATTER; THAT THEY HAVE CONSULTED WITH THEIR OWN LEGAL COUNSEL BEFORE SIGNING THIS AGREEMENT; THAT THE PERSON SIGNING THE SETTLEMENT AGREEMENT ON BEHALF OF AN ENTITY HAS AUTHORITY TO DO SO AND, BY DOING SO, DOES BIND THE ENTITY ON WHOSE BEHALF THEY HAVE SIGNED THE AGREEMENT; AND THAT THEY KNOWINGLY AND FREELY AGREE TO ALL TERMS AND CONDITIONS OF THIS SETTLEMENT AGREEMENT.

Dated: _January 11_, 2005

Condre, Inc.

By _[signature]_

Its _PRESIDENT_

Dated: February 4, 2005

**NetWise Companies, Inc.**

By _____

Its _____CEO_____

# EXHIBIT 4

Condre Letter of April 14, 2005, Describing Condition of Returned Equipment Sold



www.condre.com

April 14, 2005

Mark Luther
Bremer Bank Building, Suite 408
8800 Highway 7
St. Louis Park, MN 55426

RE: Netwise

Dear Mark:

We just completed the testing of all of the equipment that was returned to us from Netwise. Unfortunately, none of it is of any value. I've enclosed a spreadsheet that indicates the invoice price and the condition of the equipment. As you will notice on the report not only are the pieces of equipment worthless since they do not work, many of the items are not even the same type as what we originally sent to them. The serial numbers only match on one item out of the whole group.

Please let me know if there is any other information that I can put together for you on this case.

Sincerely,

*Dale Westvig*

Dale Westvig
Dir. Of Finance
Condre, Inc.

Enclosure: Spreadsheet of equipment status

# EXHIBIT 5

Condre Spreadsheet Demonstrating Wrong Equipment Returned, Different Serial Numbers, No Listed Equipment Returned, No Packaging Returned

| nv. # | Qty | Netwise/SSI Invoices in dispute Item | Desc | Product Listed on Confession of Judgemer | Serial # of Product Sold | Serial # of Product Returned | Invoice Amt. | Quantity Returned | Condition of Returned product |
|---|---|---|---|---|---|---|---|---|---|
| 2134 | 1 | AF80150 | Crossroads 6000 Router | (iii) | A01S3Y | A01T33 | $ 9,045.00 | 1 | Wrong Serial # (A01T33) No rack mounts, no power cords no serial cable and no software. Does not work. |
|  | 1 | 7x4x24-6000-1y | Crossroads On-Site Service for 6000 |  |  |  | $ 1,003.00 |  |  |
|  | 2 | EWS7XW-DLT | Overland On-Site Service for DLT,LTO and SDLT drives in library 1year |  |  |  | $ 348.00 |  |  |
|  | 1 | OV-LXM101016 | Overland PwrLdr, 2.4/4.8TB, 2 SDLT 320 drives, 15 slots, RM 230.4GB/hr LVD/SE, Barcode Reader | (i) |  |  | $ 13,365.00 | 1 | SDLT320-LXML215RB Overland Storage Tape library. Only half of the mounting rails attached. No software or documentation. No media, no terminator or host SCSI Cable |
|  | 1 | EWS7XW-LIB | Overland On Site Service for AIT LP LXM/Powerloader, LXL, 1 yr |  |  |  | $ 579.00 |  |  |
| 7435 | 1 | R3200 | Chaparral 2gb RIO (RFF244) |  |  |  | $ 16,000.00 |  |  |
|  | 1 | SB2A-16A | Qlogic, 2gb FC 16 port switch frnt to back airflow | (ii) | S03030015 | S02510023 S02510024 | $ 13,295.00 | 1? | Incorrect equip. returned. 2 - 8 Fiber Channel switches. Serial #'s S02510023, S02510024. Incorrect serial numbers. Inappropriate boxes, equipment damaged. Unuseable. |
|  | 5 | QLA2340-CK | Qlogic HBA | (vi) |  |  | $ 5,655.00 | 4 | No documentation or software. Short one unit. |
|  | 8 | ST373307FC | Seagate 73 gb 10k Cheetah, hdd |  | CFC0222F47161,CFC0222F47171 CFC0222F47162,CFC0222F47175 CFC0222F47163,CFC0222F47176 CFC0222F47164,CFC0222F47177 |  | $ 3,696.00 |  |  |
|  | 17 | SFP-OP PDE | Fiber Channel Optical SFP |  |  |  | $ 1,360.00 |  |  |
| 6352 | 1 | R3200 | Chaparral 2gb RIO(RFF244) | (iv) | PM151020140 | PMI02030007 | $ 17,627.00 | 1 | Incorrect Serial # PMI02030007 No serial cable, no power cable, no documentation. Scratches. Does not work. |
|  | 1 | QLA2340-CK | Qlogic HBA |  |  |  | $ 1,195.41 |  |  |
|  | 9 | ST3146807FC | Seagate 146gb, 10k, FC, Disk Dr | (v) | 3HY04A9S, 3HY04ASD, 3HY063DW,3HY06CA6,3HY041P8 3HY066ZG, 3HY0653M, 3HY0655T, 3HY04VA9 |  | $ 9,270.00 |  | Nothing returned |
| 2179 | 1 | RFF244 Demo | 4x4 RIO System | (iv) | PM130020002 | PM130020002 | $ 13,050.00 | 1 | No serial cable, no power cord, no documentation, scratches Does not work. Serial # PMI30020002 |
|  |  |  |  |  |  | Previously paid Total Due | $ 105,488.41 $ (1,695.00) $ 103,793.41 |  |  |