**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

CONDRE, INC.,                                              CIVIL NO. 04-971 ADM/AJB

        PLAINTIFF,

                        **REPORT AND RECOMMENDATION ON PLAINTIFF'S**
V.                          **MOTION TO ENTER CONFESSION OF JUDGMENT**

NETWISE COMPANIES, INC.,
d/b/a/ SSI,

        DEFENDANT.

---

Mark Luther, Esq., represents Condre Inc.

Allen Blair, Esq., with Greene Espel, P.L.L.P., represents NetWise Companies, Inc.

---

**I.    INTRODUCTION**

This matter comes before the court, United States Magistrate Judge Arthur J. Boylan, on Plaintiff Condre, Inc.'s (Condre) Motion to Enter Confession of Judgment pursuant to a stipulated dismissal and settlement agreement reached before the court. The matter was referred to Magistrate Judge Boylan for a report and recommendation to the district court. *See* 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72.1. A hearing was held on May 19, 2005, in Courtroom 628A of the United States District Court, District of Minnesota, 316 North Robert Street, St. Paul MN 55101. There was no opposition from NetWise Companies, Inc. (NetWise) to Condre's motion and NetWise was not present at the hearing.

**II.    BRIEF HISTORY OF CASE**

Condre Inc. brought an action in Hennepin County District Court against NetWise for payment owed by NetWise for certain computer equipment sold by Condre. *See* Settlement Agreement and Mutual Release of Claims dated February 4, 2005 (Agreement) ¶ A. On February 18, 2004, NetWise successfully removed the matter to the United States Federal District Court, District of Minnesota, where NetWise asserted a counterclaim against Condre for indemnification for liability to a third party that NetWise claimed to have incurred due to defects in the equipment at issue. *Id.*

On September 14, 2004, Condre brought a motion for partial summary judgment before the district court. Docket No. 11. Finding that the motion was premature because it had been brought very early in the discovery period, the court denied Condre's motion without prejudice. Docket No. 21. Thereafter, the parties participated in a settlement conference before the undersigned magistrate. A settlement was reached and the terms were stated on the record. Docket No. 24. A stipulation was filed with this court, indicating that the parties had reached a settlement agreement and had consented to a dismissal with prejudice. Docket No. 25. The settlement agreement was attached to and filed with the stipulation. *See id.* On February 23, 2005, pursuant to the parties' stipulation, the action was dismissed with prejudice and the case was closed. Docket No. 26.

**III.    THE AGREEMENT**

On February 4, 2005, Condre, Inc. and NetWise entered into a binding settlement agreement whereby NetWise agreed, *inter alia*, to return various quantities of six different items of computer equipment. Agreement ¶ B.1. These items are listed in the Agreement and are all identified by quantity, name, and model or part number. *Id.* Although under the Agreement, NetWise was not held accountable for the condition of the equipment, NetWise did agree that the equipment would be

returned "complete and shipped with its original packaging." *Id.* Condre has asserted to this court that NetWise failed to comply with the Agreement. Affidavit by Dennis Maetzold (Maetzold Affidavit). Condre states that the equipment returned to Condre by NetWise is not the equipment identified by serial or model number in the Agreement, was not returned in the original packaging, and was not the equipment sold by Condre. *Id.* ¶5. According to the Agreement, if NetWise failed to comply with the terms of the Agreement, Condre had the option of filing a confession of judgement with the federal district court. Agreement ¶ 7. The confession of judgment allows Condre to recover $115,793.41 less amounts already paid under the terms of the agreement. *Id*.

### IV. FINDINGS OF FACTS

After a review of the record and noting NetWise's lack of opposition to Condre's motion, the court **HEREBY FINDS** that:

NetWise entered into a binding settlement agreement with Condre. After entering into the Agreement with Condre, NetWise failed to abide by the terms of that Agreement. NetWise failed to return the listed equipment as specified or in the manner agreed upon. NetWise has paid $12,000 toward the amount owed to Condre. Under the Agreement and the District Court's Order dismissing the case pursuant to the stipulation and Agreement, Condre has the right to request, through this court, that NetWise pay the amount agreed upon, $115,793.41, less the $12,000 that NetWise has already recompensed.

### V. RECOMMENDATION

Based on the above discussion, the court **HEREBY RECOMMENDS THAT**:

1. Plaintiff Condre's Motion to Enter a Confession of Judgment [Docket No. 31] be

      **granted**;

2. Civil Case No. 04-971 be opened for the purposes of entering Judgment;

3. Judgment be entered against NetWise in the amount of $103,793.40[1]; and

4. Civil Case No. 04-971 be closed.

Dated: May 23, 2005

                                                            s/ Arthur J. Boylan
                                                           Arthur J. Boylan
                                                           United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **June 5, 2005.**

---

[1] Although the Agreement calls for a payment of $115,793.41 less $12,000.00, which would be $103,793.41, Condre's Motion requests $103,793.40.